UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BIAO HUANG (A-218-019-148),

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-08028-DAD-CSK

FINDINGS & RECOMMENDATIONS

Petitioner Biao Huang (A 218-019-148), a citizen and native of China, entered the United States on September 6, 2019 and filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] After petitioner was arrested on August 26, 2026 by local authorities and indicted for the crime of theft by deception, petitioner was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") on a detainer on August 27, 2026. This habeas action concerns petitioner's ongoing detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus.

## I. FACTUAL BACKGROUND

Petitioner is a national and citizen of China. (ECF No. 7-1 at 1.) On September 6, 2019, petitioner entered the United States without inspection. (ECF No. 1 at 8, 7-1 at 1.) Petitioner's criminal history includes an April 30, 2026 conviction for disorderly conduct (fighting or

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

engaging in threatening behavior) in violation of N.Y. Penal Law § 240.20 01, and a pending charge under N.J. Rev. Stat. § 2C:20-4 for theft by deception.[2] (ECF No. 7-2, 8-1.) On August 27, 2026, petitioner was taken into ICE custody on a detainer after his August 26, 2026 arrest for theft by deception.[3] (ECF No. 7-1 at 2.)

## II. PROCEDURAL BACKGROUND

On September 29, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) The habeas petition was referred to the assigned magistrate judge. On October 15, 2026, respondent timely filed an answer to the petition. (ECF No. 7.) Petitioner filed a reply on October 22, 2206. (ECF No. 8) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Petitioner raises a Fifth Amendment due process claim for detention without an

---

[2] Petitioner also submitted documents regarding an April 19, 2025 arrest for various charges that were dismissed and sealed on August 1, 2025. (ECF No. 8-1 at 4.) Respondent makes no mention of these dismissed charges, which appear irrelevant to the custody determination.

[3] Respondent mentions that petitioner is subject to a bench warrant for the August 2026 charge. (ECF No. 7 at 2.) The Court notes that this warrant was issued as a result of petitioner's failure to appear at an arraignment scheduled for September 28, 2026, when he was in ICE's custody. (ECF No. 7-2 at 4-5, 12-23.)

individualized assessment of risk and opportunity to be heard. (See ECF No. 1 at 9-10.) Respondent contends that petitioner is detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(E), which respondent argues is constitutional and provides adequate procedural protections. (ECF No. 7 at 2-3.)

**A. Due Process Claim (Claim One)**

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Respondent argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E). (ECF No. 7 at 2.)

Section 1226(c)(1) mandates detention for any noncitizen who "is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). In January 2025, the Laken Riley Act amended § 1226(c) to add a new category of noncitizens ineligible for release under § 1226(a), including noncitizens charged with inadmissibility under §1182(a)(6)(A) (present without admission or parole), (6)(C) (misrepresentation), or (7) (lack of valid entry documents) who are "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" 8 U.S.C. § 1226(c)(1)(E)(i), (ii).

Respondent argues that the first requirement is met because "DHS charged inadmissibility under § 1182(a)(6)(A)(i) and § 1182(a)(7)(A)(i)(I) and [petitioner] admitted the charges are true." (ECF No. 7 at 2.) (See also ECF Nos. 7-1 at 7 (Notice to Appear listing charges of inadmissibility) and 7-3 at 3 (written pleadings admitting removability as charged).) Respondent argues that the second requirement is met based on petitioner's August 26, 2026 arrest and pending charge for theft by deception in violation of N.J. Rev. Stat. § 2C:20-4. (ECF No. 7 at 2.) Based on the record presently before the Court, this Court concludes, for the purposes of this habeas petition, that 8 U.S.C. § 1226(c)(1)(E) provides the proper detention authority.

Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . .

therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018). However, additional process may be required to determine whether detention under § 1226(c) is appropriate. The Board of Immigration Appeals ("BIA") has found that noncitizens are entitled to notice of the circumstances that provide the basis for mandatory detention and an opportunity to challenge the detention before an immigration judge. In re Kotliar, 24 I. & N. Dec. 124, 127 (BIA 2007). This is a different process than a hearing pursuant to Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999) ("Joseph hearing"). In a Joseph hearing, an immigration judge determines whether it is substantially unlikely that the charges of *removability* that subject the noncitizen to mandatory detention will be sustained. Kotliar, 24 I. & N. Dec. 124, 126 (citing Joseph, 22 I. & N. Dec. 799, 808) (emphasis added). In the instant case, the pending theft charge – a factor critical to ICE's determination that petitioner is subject to mandatory detention – is not included in the Notice to Appear. The Notice to Appear charges petitioner under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I) but the factual allegations make no mention of the theft charge. (ECF Nos. 1-1 at 4-7, 7-1 at 4-7.) Where the record reflects that a noncitizen has committed any of the offenses covered in the relevant subsections enumerated in § 1226(c), the noncitizen is subject to mandatory detention without regard to whether the government has also lodged a removability charge based on the offense. Kotliar, 24 I. & N. Dec. 124, 126. The record in this case does contain evidence that petitioner has been charged for a crime relating to theft (ECF No. 7-2), which would invoke § 1226(c)(1)(E). However, if, as here, the basis for detention is not included in the Notice to Appear, the noncitizen "must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing." Id. The complete basis for petitioner's detention – the pending theft charge – was not included in the Notice to Appear. Nor has petitioner been provided a hearing to challenge the detention. The lack of notice and opportunity for a hearing in this context violate petitioner's procedural due process rights.

///

## VI. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondent be ordered to provide petitioner, within fourteen (14) days of the adoption of these findings and recommendations: (1) formal notice of the circumstances which provide the basis of his detention; and (2) a hearing before an immigration judge to determine whether such circumstances warrant detention pursuant to 8 U.S.C. §1226(c)(1)(E). Respondent must provide notice of the hearing to petitioner and if petitioner has counsel, also petitioner's counsel, with at least seven (7) days' notice before the bond hearing. If petitioner has counsel, petitioner shall be allowed to have counsel present at any such hearing. If the hearing is not held within 14 days, petitioner shall be immediately released.
3. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 9, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

11/huan8028.157.2241.imm